IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINISTER ALIF ALLAH,  | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-735 |
| | : | |
| THE WALT DISNEY COMPANY, *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**YOUNGE, J.**                                                                                                      **MAY 11, 2021**

Plaintiff Minister Alif Allah has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants The Walt Disney Company, WPVI-TV, Nydia Han, and Cheryl Mettendorf. (ECF No. 1.) Allah has also filed a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 7.) For the following reasons, Allah will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**       **FACTUAL ALLEGATIONS**[1]

According to the Complaint, the named Defendants:

> published on television and on social media a series of religiously discriminatory videos, photos, and articles on November 26, 2019; December 17, 2019; and December 30, 2019 against the Plaintiff based on fraud, the FBI's counter intelligence program, (cointellpro) bad jacketing that jeopardizes my life, liberty, religion, ministry, and business

(ECF No. 1 at 3.)[2] Allah alleges that each Defendant knew or should have known that their actions were wrong, and that each Defendant "gained a financial benefit . . . by selling their religious propaganda to advertising agencies." (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Allah's Complaint.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Based on the foregoing, Allah asserts a claim under 42 U.S.C. § 1983 against each Defendant in their individual and official capacities. He alleges that their conduct violated his constitutional rights to religious freedom, equal protection, due process, priviliege [sic], freedom of speech, freedom of press, freedom from unusual searches and seizures, and freedom from cruel and unusual punishment. (*Id.* at 2.) He claims that as a result of the Defendants' conduct, he suffered false arrest, guns pointed at his head, attempted murder, anxiety and depression. (*Id.* at 4.) He seeks recovery of $2 million in compensatory damages, $10 million in punitive damages, and removal of himself from the Defendants' public social media accounts. (*Id.*)

## II. STANDARD OF REVIEW

Because Allah appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Allah is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd*

2

v. *Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Allah's claims are not plausible because none of the named Defendants is alleged to be a state actor or acting under color of state law. Rather, the Defendants appear to be private citizens, a television station, and a corporation. As a result, Allah's claims must be dismissed.

IV.  CONCLUSION

For the reasons stated, Allah's application for leave to proceed *in forma pauperis* will be granted, and his Complaint will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii). No leave to amend will be granted because any amendment against the named Defendants would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

/s/ John M. Younge
_____
**JOHN M. YOUNGE, J.**